roytaitinfongplea

LEONARDO M. RAPADAS
United States Attorney
BENJAMIN A. BELILES
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America


**FILED**
DISTRICT COURT OF GUAM

OCT 30 2007 

**JEANNE G. QUINATA**
**Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE. NO. 07-00082 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| ROY S. TAITINGFONG, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, ROY S. TAITINFONG, enter into the following plea agreement:

1. The defendant, ROY S. TAITINGFONG agrees to enter a guilty plea to Count I of an Information charging him with Theft of Government Property, in violation of 18 United States Code, Section 641. The government will move to dismiss Count II upon sentencing.

2. The defendant understands that the <u>maximum</u> sentence for Theft of Property in an amount less than $1,000.00, in violation of 18 U.S.C. § 641, as a Class A misdemeanor as specified in 18 U.S.C. § 3559, is imprisonment for not more than one year and a maximum fine of $100,000.00, together with any restitution as the court may order, and a $25 special

**ORIGINAL**

assessment fee as set forth in 18 U.S.C. § 3013. Any sentence of incarceration may include a term of supervised release of not more than one year as set forth in 18 U.S.C. § 3583(b)(3). If the court revokes a sentence of supervised release, the court may incarcerate the Defendant up to an additional term of not more than one year. The $25 special assessment fee must be paid upon sentencing. The government will recommend that defendant receive the low end of the sentencing guidelines, a fine, and credit for time served, if any.

If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purposes of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

3. The defendant understands that to establish a violation of Theft of Government Property, in violation of 18 United States Code, Section 641, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly and willingly stole property with the intention of depriving the owner of the use or benefit of the property;

Second, the property belonged to the United States; and

Third, the value of the property was less than $1000.00.

4. The defendant understands that the Sentencing Guidelines are advisory only. The Court may still utilize the sentencing guidelines as an aid to determine the sentence to be imposed. The government and the defendant stipulate to the following facts for purposes of the sentencing:

a. The defendant was born in 1979, and is a citizen of the United States.

-2-

b. That on 17 April 2007, in the District of Guam, the defendant, ROY S. TAITINGFONG, willfully and knowingly, did embezzle and convert to his own use, property of the United States Air Force consisting of copper wire, in a value which was less than $1,000 from Andersen Air Force Base. That the defendant, ROY S. TAITINGFONG, knowingly and willingly embezzled and converted the property, more specifically described as copper wire, with the intention of depriving the owner of the use or benefit of the property. That the property, more specifically described as copper wire, embezzled and converted from Andersen South located at ANDERSEN AIR FORCE BASE, Guam, was property of the United States. That the defendant unlawfully entered Andersen Air Force Base South and converted to his own use copper wire he took out of structures on that property owned by the United States Air Force, in violation of Title18, United States Code, Section 641.

5. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines or determine an appropriate sentencing range. The defendant acknowledges that should there be discrepancies in the final Sentencing Guidelines or sentencing range, projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

6. The defendant agrees to pay restitution as appropriate to Andersen Air Force Base.

7. The defendant agrees to waive any right to appeal or to collaterally attack his conviction. The defendant reserves the right to appeal the sentence actually imposed in his case. The defendant acknowledges that he has been advised of his rights as set forth below

-3-

Case 1:07-cr-00082     Document 13     Filed 10/30/2007     Page 3 of 5

prior to entering into his plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

   a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

   b. His right to be represented by an attorney;

   c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

   d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into the plea agreement, he waives, that is, gives up, the right to a trial;

   e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

   f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from his plea agreement;

   g. That he reads, writes and speaks the English language and has no need for an interpreter;

   h. That he has read the plea agreement and understands it; and

-4-

i. The Defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 10/26/07

ROY S. TAITINFONG
Defendant

DATED: 10/26/07

RICHARD ARENS
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 10/29/07     By:

BENJAMIN A. BELILES
Special Assistant U.S. Attorney

DATED: 10/30/07

JEFF STRAND
First Assistant U.S. Attorney